Citation Nr: 1826251 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 13-12 673 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

S. Ferguson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1959 to May 1962. He died in January 2012, and the Appellant is his surviving spouse. This matter is before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

In February 2016, the Appellant testified at a hearing at the Houston RO before the undersigned Veterans Law Judge (VLJ). A copy of the hearing transcript has been associated with the casefile. 

The Board previously remanded this issue in June 2016 for further development; it has now returned to the Board for further appellate action.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

At the time of the Veteran's death, he was service connected for depressive disorder; degenerative joint disease status post-surgical repair of the left knee; degenerative joint disease of the right knee; right knee instability; left knee instability; and tinnitus. The Appellant has reported that the medication that the Veteran was taking for his depression and knee disabilities contributed to his cause of death, listed on the death certificate as respiratory failure. 
VA obtained a medical opinion in June 2017 in order to address whether any of the Veterans service-connected disabilities, or medicine taken in treatment thereof, caused or materially contributed to his cause of death. The examiner opined that it was not as least as likely as not that the Veteran's nonservice-connected cardiac condition was due to or chronically worsened by his service-connected depressive disorder, and that it was not as least as likely as not that the Veteran's cause of death was secondary to his service-connected medical conditions or medications taken to treat his service-connected conditions. However, no rationale for either opinion was provided. When VA obtains a medical opinion, it must ensure that it is adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). Without a rationale, the Board concludes that the opinion is not adequate, and an addendum is necessary.

Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum medical opinion from the June 2017 VA examiner (or, if unavailable, from a medical professional with appropriate expertise) to determine if the Veteran's service-connected disabilities, or medicinal treatment thereof, contributed to the cause of his death. The Veteran's claims file, including a copy of this remand, must be made available to the examiner for review in connection with the opinion. 

The examiner is requested to review the record and offer an opinion as to whether it is at least as likely as not (a probability of approximately 50 percent or greater) that the Veteran's service-connected disabilities, or any medication taken to treat his service-connected disabilities, contributed substantially or materially; combined to cause; or aided or lent assistance to the production of death. A detailed rationale should be given for all opinions and conclusions expressed. 

2. Then, after ensuring that the requested opinion complies with the remand specifications, and after any further development deemed necessary, readjudicate the Appellant's claim. If any benefit remains denied, the Appellant and her representative should be provided a Supplemental Statement of the Case, which includes a summary of any additional evidence submitted. The requisite period of time for a response should be afforded. The case should then be returned to the Board for further consideration

The Appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. H. Hawley
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).